1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| AUTOMOTIVE DATA SOLUTIONS, INC., a Canada Corporation, | CASE NO. 2:18-cv-1560-GW-E |
| Plaintiff, | |
| v. | |
| DIRECTED ELECTRONICS CANADA INC., a Canada Corporation; DEI HOLDINGS, INC. (AKA DIRECTED ELECTRONICS, INC.), a Florida Corporation; DIRECTED, LLC, a Delaware LLC, JIM MINARIK, an individual; KEVIN DUFFY, an individual; ROBERT STRUBLE, an individual; TAREK KUTRIEH, an individual; MINAS MINASSIAN, an individual, | [PROPOSED] PROTECTIVE ORDER |
| | Assigned to Hon. Magistrate Charles F. Eick |
| Defendants. | |
| AND RELATED COUNTERCLAIMS AND COUNTERCLAIMS-IN-REPLY | |

Having read and considered the parties' Joint Stipulation Requesting Entry of Protective Order, and good cause appearing, the Court hereby **GRANTS** the parties' Joint Stipulation and enters the following protective order.

**IT IS HEREBY ORDERED THAT:**

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order").   Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material protected under this Order under seal.

**2.     DEFINITIONS**

**2.1.    Party.** Any Party to this action, including all of its officers, directors, employees, consultants, retained outside experts, and Outside Counsel of Record (and their support staffs).

**2.2.    Producing Party.** A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.3.    Receiving Party.** A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.4    Designating Party.** A Party or Non-Party that designates Discovery Material or information in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.5.    Challenging Party.** A Party or Non-Party that challenges the designation of information or items under this Order.

-1-

**2.6.   Non-Party.** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.7.   House Counsel.** Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8.   Outside Counsel of Record.** Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.9.   Counsel (without qualifier).** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.10.   Outside Expert**. A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an independent expert witness or as a consultant in this action, (2) is not a current employee, non-litigation consultant, non-litigation independent contractor, or owner of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee, non-litigation consultant, non-litigation independent contractor, or owner of a Party or a Party's competitor.

**2.11.   Professional Outside Vendors.** Persons or entities that provide litigation support or consulting services, including professional jury or trial consultants, vendors used solely for copying, production, or reproduction of documents including vendors providing services related to photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and their employees, staff, and subcontractors. Such Professional Outside Vendors must not be a past or current employee or owner of a Party or Party's competitor, and at the time of hiring, is

1   not anticipated to become an employee of a Party or Party's competitor.

2   **2.12. Disclosure or Discovery Material**. All items or information, regardless

3   of the medium or manner in which it is generated, stored, or maintained

4   (including, among other things, testimony, transcripts, electronically stored

5   information, and tangible or intangible things), that are produced or generated in

6   disclosures or responses to discovery in this matter.

7   **2.13. "CONFIDENTIAL" Information or Items**. Information (regardless of

8   how it is generated, stored or maintained) or tangible things that qualify for

9   protection under Federal Rule of Civil Procedure 26(c).

10  **2.14. "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

11  **Information or Items**. Extremely sensitive "Confidential Information or Items,"

12  the disclosure of which to the Designating Party's competitor or other Non-Party

13  would create a substantial risk of serious harm that could not be avoided by less

14  restrictive means.

15  **2.15. "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or**

16  **Items:** extremely sensitive "Confidential Information or Items" representing

17  computer code and associated comments and revision histories, formulas,

18  engineering specifications, or schematics that define or otherwise describe in

19  detail the algorithms or structure of software or hardware designs, disclosure of

20  which to another Party or Non-Party would create a substantial risk of serious

21  harm that could not be avoided by less restrictive means.

22  **2.16.    Protected Material.** Any Disclosure or Discovery Material that is

23  designated   as    "CONFIDENTIAL,"    "HIGHLY    CONFIDENTIAL   –

24  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

25  CODE."

26  **2.17.    Privileged Material.** Communications, documents or information

27  protected by the attorney-client privilege, work product doctrine, or any other

28                                           - 3 -

1 | applicable privilege.

2 | **3.   SCOPE**

3 | The protections conferred by this Stipulation and Order cover both
4 | Protected Material (as defined above), and (1) any information copied or
5 | extracted from Protected Material; (2) all copies, excerpts, summaries, or
6 | compilations of Protected Material; and (3) any testimony, conversations, or
7 | presentations by Parties or their Counsel that might reveal Protected Material.
8 | However, the protections conferred by this Stipulation and Order do not cover
9 | the following information:  (a) any information that is in the public domain at the
10 | time of disclosure to a Receiving Party or becomes part of the public domain after
11 | its disclosure to a Receiving Party as a result of publication not involving a
12 | violation of this Order, including becoming part of the public record through trial
13 | or otherwise; and (b) any information known to the Receiving Party prior to the
14 | disclosure or obtained by the Receiving Party after the disclosure from a source
15 | who obtained the information lawfully and under no obligation of confidentiality
16 | to the Designating Party. Any use of Protected Material at trial shall be governed
17 | by a separate agreement or order.

18 | **4.   DURATION**

19 | Even after final disposition of this litigation, the confidentiality obligations
20 | imposed by this Order shall remain in effect until a Designating Party agrees
21 | otherwise in writing or a court order otherwise directs. Final disposition shall be
22 | deemed to be the later of (1) dismissal of all claims and defenses in this action,
23 | with or without prejudice; and (2) final judgment herein after the completion and
24 | exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
25 | including the time limits for filing any motions or applications for extension of
26 | time pursuant to applicable law.

27 | **5.   DESIGNATING PROTECTED MATERIAL**

28 |

-4-

**5.1.     Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Each Party must not assign designations in a manner that is clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties).

If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties in writing that it is withdrawing the mistaken designation.

**5.2.     Manner and Timing of Designations.**

Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):  the Producing Party shall affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.  To the extent documents are produced in native format, it shall be sufficient for the Producing Party to either include the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY"  or  "HIGHLY CONFIDENTIAL – SOURCE CODE" in the file name for the document and/or to  include  an  associated  placeholder  document  bearing  the  terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.  To the extent documents are produced in native format, it shall be sufficient for the Producing Party to either include the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

1   CONFIDENTIAL – SOURCE CODE" in the file name for the document and/or

2   to include an associated placeholder document bearing the terms

3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4   ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE.".

5        (b)    For testimony given in deposition or in other pretrial or trial

6   proceedings: the Designating Party shall identify on the record, before the close

7   of the deposition, hearing, or other proceeding, all protected testimony and

8   specify the level of protection being asserted. Alternatively, the Designating

9   Party may identify the specific portions of the testimony as to which protection

10  is sought and to specify the level of protection being asserted within 30 days

11  following receipt of the reporter's transcript of the deposition, hearing, or other

12  proceeding (or longer if agreed to by the Parties). Only those portions of the

13  testimony that are appropriately designated for protection within the 30 days (or

14  longer if agreed to by the Parties) shall be covered by the provisions of this Order.

15  A Designating Party may specify, at the deposition or within 30 days of receipt

16  of the reporter's transcript (or longer if agreed to by the Parties) that the entire

17  transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

19  CONFIDENTIAL – SOURCE CODE" to the extent such a designation is

20  consistent with the other terms of this stipulation. The use of a document as an

21  exhibit at a deposition shall not in any way affect its designation as

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

24       Transcripts containing Protected Material shall have an obvious legend on

25  the title page that the transcript contains Protected Material, and the title page

26  shall be followed by a list of all pages (including line numbers as appropriate)

27  that have been designated as Protected Material and the level of protection being

28

- 7 -

asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30- day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary and for any other tangible items: the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3.     Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1.     Timing of Challenges.**

Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount

- 8 -

1    a challenge promptly after the original designation is disclosed.

2    **6.2.   Meet and Confer.**

3         The Challenging Party shall initiate a dispute resolution process by
4 providing written notice of each designation it is challenging and describing the
5 basis for each challenge pursuant to the requirements of Local Rule 37-1.

6         The parties shall attempt to resolve each challenge in good faith and must
7 begin the process by conferring directly within ten (10) days of the date of service
8 of the written notice requesting the conference as provided under Local Rule 37-
9 1.

10         In conferring, the Challenging Party must explain the basis for its belief
11 that the confidentiality designation was not proper and must give the Designating
12 Party an opportunity to review the designated material, to reconsider the
13 circumstances, and to explain the basis for the chosen designation if no change
14 in designation is offered.

15         A Challenging Party may proceed to the next stage of the challenge process
16 only if it has engaged in this meet and confer process first or establishes that the
17 Designating Party is unwilling to participate in the meet and confer process in a
18 timely manner.

19    **6.3.   Judicial Intervention.**

20         If the Parties cannot resolve a challenge without court intervention, the
21 Challenging Party may file and serve a motion to challenge the confidentiality
22 designation pursuant to the procedures set forth in Local Rule 37-2. The burden
23 of persuasion in any such challenge proceeding shall be on the Designating Party.
24 Frivolous challenges and those made for an improper purpose (e.g., to harass or
25 impose unnecessary expenses and burdens on other parties) may expose the
26 Challenging Party to sanctions.

27    **6.4.   Status of Challenged Designation Pending Judicial Determination.**

28

- 9 -

1   All parties shall continue to afford the Protected Material in question the
2   level of protection to which it is entitled under the Producing Party's designation
3   until the Court rules on the challenge.

4   **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

5   **7.1.   Basic Principles.**

6   A Receiving Party may use Protected Material that is disclosed or
7   produced by another Party or by a Non-Party in connection with this case only
8   for prosecuting, defending, or attempting to settle this litigation (including any
9   related appeals). Such Protected Material may be disclosed only to the categories
10  of persons and under the conditions described in this Order. When the litigation
11  has been terminated, a Receiving Party must comply with the provisions of
12  Section 16 below regarding final disposition. Protected Material must be stored
13  and maintained by a Receiving Party at a location and in a secure manner that
14  ensures that access is limited to the persons authorized under this Order.

15  **7.2.   Disclosure of "CONFIDENTIAL" Information or Items.**

16  Unless otherwise ordered by the Court or permitted in writing by the
17  Designating Party, a Receiving Party may disclose any information or item
18  designated "CONFIDENTIAL" only to:

19  (a)    The Receiving Party's Outside Counsel of Record in this action, as
20  well as employees of said Outside Counsel of Record to whom it is reasonably
21  necessary to disclose the information for this litigation;

22  (b)    The officers, directors, and employees (including House Counsel)
23  of the Receiving Party (1) to whom disclosure is reasonably necessary for this
24  litigation, (2) who have signed the "Acknowledgment and Agreement to Be
25  Bound" (Exhibit A);

26  (c)    Outside Experts of the Receiving Party (1) to whom disclosure is
27  reasonably necessary for this litigation, (2) who have signed the

28                                   - 10 -

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A); and who has

2   complied with the procedures specified in Section 7.4.

3         (d)    The Court and its personnel;

4         (e)    Court reporters and their staff and professional jury or trial

5   consultants who have signed the "Acknowledgment and Agreement to Be

6   Bound" (Exhibit A);

7         (f)    Professional Vendors to whom disclosure is reasonably necessary

8   for this litigation who have signed the "Acknowledgment and Agreement to Be

9   Bound" (Exhibit A).   Vendors used solely for copying, production, or

10  reproduction of documents including vendors providing services related to

11  photocopying, videotaping, translating, preparing exhibits or demonstrations, and

12  organizing, storing, or retrieving data in any form or medium are exempt from

13  the requirement to sign Exhibit A;

14        (g)    During their depositions, witnesses in the action to whom disclosure

15  is reasonably necessary and who have signed the "Acknowledgment and

16  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

17  Designating Party or ordered by the Court. Pages of transcribed deposition

18  testimony or exhibits to depositions that reveal Protected Material must be

19  separately bound by the court reporter and may not be disclosed to anyone except

20  as permitted under this Order; and

21        (h)    The author or recipient of a document containing the information or

22  a custodian or other person who otherwise possessed or knew the information.

23  **7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

24  **ONLY" and "HIGHLY CONFIDENTIAL –SOURCE CODE" Information**

25  **or Items.**

26      Unless otherwise ordered by the Court or permitted in writing by the

27  Designating Party, a Receiving Party may disclose any information or item

28

- 11 -

1   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
2   "HIGHLY CONFIDENTIAL –SOURCE CODE" only to:

3       (a)     The Receiving Party's Outside Counsel of Record in this action, as
4   well as employees of said Outside Counsel of Record to whom it is reasonably
5   necessary to disclose the information for this litigation;

6       (b)     Outside Experts of the Receiving Party (1) to whom disclosure is
7   reasonably necessary for this litigation, and (2) who have signed the
8   "Acknowledgment and Agreement to Be Bound" (Exhibit A); and who has
9   complied with the procedures specified in Section 7.4.

10      (c)     The Court and its personnel;

11      (d)     Court reporters who have signed the "Acknowledgment and
12  Agreement to Be Bound" (Exhibit A);

13      (e)     Professional Outside Vendors to whom disclosure is reasonably
14  necessary for this litigation who have signed the "Acknowledgment and
15  Agreement to Be Bound" (Exhibit A). Such Professional Outside Vendors must
16  not be a past or current employee or owner (not to include shareholders of
17  publicly traded companies) of a Designating Party's competitor, and at the time
18  of hiring, is not anticipated to become an employee of a Designating Party's
19  competitor.   Vendors used solely for copying, production, or reproduction of
20  documents including vendors providing services related to photocopying,
21  videotaping, translating, preparing exhibits or demonstrations, and organizing,
22  storing, or retrieving data in any form or medium are exempt from the
23  requirement to sign Exhibit A; and

24      (f)     The author or recipient of a document containing the information or
25  a custodian or other person who otherwise possessed or knew the information.

26  **7.4. Procedures for Approving or Objecting to Disclosure of HIGHLY**
27  **CONFIDENTIAL   –   ATTORNEY   EYES   ONLY   or   HIGHLY**

28

**CONFIDENTIAL –SOURCE CODE Material to Experts.**

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.2(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

**7.5.   Prohibited   Disclosure   of   "HIGHLY   CONFIDENTIAL   – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.**

"HIGHLY   CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"   and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items shall **NOT** be disclosed to the Receiving Party's employees, including House Counsel.

**8.   PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)   Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b)   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, " or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party

1 shall bear the burden and expense of seeking protection in that court of its

2 Protected Material. Nothing in these provisions should be construed as

3 authorizing or encouraging a Receiving Party in this action to disobey a lawful

4 directive from another court.

5 **9.     PROSECUTION BAR**

6      Absent written consent from the Producing Party, any individual who

7 reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

8 "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be

9 involved in the prosecution of patents or patent applications relating to

10 automobile security or remote start technologies disclosed in said "HIGHLY

11 CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"   or   "HIGHLY

12 CONFIDENTIAL – SOURCE CODE" information, including without limitation

13 the patents asserted in this action and any patent or application claiming priority

14 to or otherwise related to the patents asserted in this action, before any foreign or

15 domestic agency, including the United States Patent and Trademark Office ("the

16 Patent Office"). For purposes of this paragraph, "prosecution" includes directly

17 or indirectly drafting, amending, advising, or otherwise affecting the scope or

18 maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this

19 paragraph does not include representing a party challenging a patent before a

20 domestic or foreign agency (including, but not limited to, a reissue protest, ex

21 parte reexamination or inter partes reexamination). This Prosecution Bar shall

22 begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23 ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first

24 received by the affected individual and shall end two (2) years after final

25 termination of this action.

26 **10.    SOURCE CODE**

27      (a)    To the extent production of source code becomes necessary in this

28

- 15 -

case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 9, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Section 7.3.

(c)     Any "HIGHLY CONFIDENTIAL – SOURCE CODE" produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The computer containing source code will be made available upon reasonable notice to the designating party, which shall not be less than five (5) business days in advance of the requested inspection (ten (10) business days if it is the first request in the case). The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. For the avoidance of doubt, this prohibition against copying of any portion of the source code means that no copying of actual lines of code into any notes made during the review is permitted. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The inspecting party may request paper copies of limited portions of

1   source code that are reasonably necessary for the preparation of court filings,
2   pleadings, expert reports, other papers, or for deposition or trial. The designator
3   shall provide all such source code in paper form, including Bates numbers and
4   the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The designating
5   party may challenge the amount of source code print-outs requested under L.R.
6   37-1 through L.R. 37-4. Absent a showing of good cause, the inspecting party
7   shall not request printing of any continuous block of "HIGHLY
8   CONFIDENTIAL – SOURCE CODE" that results in more than twenty-five (25)
9   printed pages.  Absent a showing of good cause, the inspecting party may not
10  request a total of more than five hundred (500) pages of printed "HIGHLY
11  CONFIDENTIAL—SOURCE CODE" material. Notwithstanding the foregoing,
12  copying portions of the source code onto the secured computer for purposes of
13  comparison testing shall be permitted as described below.

14      (e)    The inspecting party may request electronic copies of portions of the
15  designating party's source code that exactly match the inspecting party's source
16  code for purposes of determining whether said matching source code is publicly
17  available.  Upon a request for such matching code, the parties will meet and
18  confer to confirm whether there is an exact match, the volume of source code
19  requested, and the format of electronic copies.  The inspecting party reserves all
20  rights to seek production of such matching code and the designating party
21  reserves all rights to object to the production of said code.

22      (f) The inspecting party shall maintain a record of any individual who has
23  inspected any portion of the source code in electronic or paper form. The record
24  shall include the names of the reviewers and/or recipients of paper copies and
25  locations where the paper copies are stored.  Upon three (3) days advance notice
26  to the inspecting party by the designating party, the inspecting party shall provide
27  a copy of this log to the designating party. The inspecting party shall maintain all

28

1  paper copies of any printed portions of the source code in a secured, locked area.
2  The inspecting party shall not convert any of the information contained in the
3  paper copies into any electronic format other than for the preparation of a
4  pleading, exhibit, expert report, discovery document, deposition transcript, or
5  other Court document. To the extent a deposition is likely to involve source code,
6  the party taking the deposition, shall provide at least seven (7) days written notice
7  of that fact, and the designating party will make a source code computer available
8  at the deposition, minimizing the need for additional paper copies of source code.
9  Any paper copies used during a deposition shall be retrieved at the end of each
10  day and must not be left with a court reporter or any other unauthorized
11  individual.

12  **11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
13  **PRODUCED IN THIS LITIGATION**

14      (a)    The terms of this Order are applicable to information produced by
15  any Non-Party to this action and designated as "CONFIDENTIAL" or "HIGHLY
16  CONFIDENTIAL  –  ATTORNEYS'  EYES  ONLY"  or  "HIGHLY
17  CONFIDENTIAL – SOURCE CODE" Such information produced by Non-
18  Parties in connection with this litigation are protected by the remedies and relief
19  provided by this Order. Nothing in these provisions should be construed as
20  prohibiting a Non-Party from seeking additional protections.

21      (b)    In the event that a Party is required, by a valid discovery request, to
22  produce a Non-Party's confidential information in its possession, and the Party
23  is subject to an agreement with the Non-Party not to produce the Non-Party's
24  confidential information, then the Party shall:

25          1.    Promptly notify the Requesting Party and the Non-Party that
26  some or all of the information requested is subject to a confidentiality agreement
27  with a Non-Party by sending written notice;

28

2.      Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      Make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately:   (a) notify the Designating Party of the unauthorized disclosures in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain

1    inadvertently produced material is subject to a claim of privilege or other

2    protection, the obligations of the Receiving Parties are those set forth in Federal

3    Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Rule 502 of the Federal Rules

4    of Evidence, the inadvertent disclosure of Privileged Material shall not constitute

5    a waiver of any privilege or other protection if the Producing Party takes

6    reasonable steps to prevent disclosure and also takes reasonable steps to rectify

7    the error in the event of an inadvertent disclosure. The Producing Party will be

8    deemed to have taken reasonable steps to prevent Privileged Material from

9    inadvertent disclosure if that party utilized techniques such as, but not limited to,

10   attorney screening, keyword search term screening, advanced analytical software

11   applications and/or linguistic tools in screening for privilege, work product, or

12   other protection.

13        In the event of the inadvertent disclosure of Privileged Material, the

14   Producing Party shall be deemed to have taken reasonable steps to rectify the

15   error of the disclosure if, within seven (7) days from the date that the inadvertent

16   disclosure was discovered or brought to the attention of the Producing Party, the

17   Producing Party notifies the Receiving Party of the inadvertent disclosure and

18   instructs the Receiving Party to promptly sequester, return, delete, or destroy all

19   copies of the inadvertently produced Privileged Material (including any and all

20   work product containing such Privileged Material). Upon receiving such a

21   request from the Producing Party, the Receiving Party shall promptly sequester,

22   return, delete, or destroy all copies of such inadvertently produced Privileged

23   Material (including any and all work product containing such Privileged

24   Material), and shall make no further use of such Privileged Material (or work

25   product containing such Privileged Material).

26        The Receiving Party also has an ethical obligation to notify the Producing

27   Party if it receives communications, documents, or information that obviously

28

- 20 -

appear to constitute Privileged Material.

**14.    PRIVILEGE LOGS**

To the extent that the Parties produce privilege logs for materials withheld for attorney-client privilege or pursuant to the work product doctrine (or other privileges or doctrines), the format and content shall be as follows: The privilege log shall contain names extracted from the topmost e-mail message or document (To, From, CC, BCC), the date of the topmost e-mail or document, and the basis for the assertion of a privilege or other protection. The Producing Party shall create a single log entry for each e-mail chain or string. A Producing Party's logging of the topmost e-mail shall be deemed to assert protection for all of the Privileged Material in an e-mail string or chain, including multiple redactions or multiple segments.

Attorney-client privileged communications and attorney work product created by or on behalf of counsel for the Parties after the initiation of and/or as part of their representation in this action created after the filing of the Complaint in this action need not be included in any privilege log.

**15.    MISCELLANEOUS**

**15.1. Right to Further Relief.**

Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

**15.2. Right to Assert Other Objections.**

By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**15.3. Export Control.**

The protected material disclosed by the designating party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States of America, Canada, or elsewhere may be restricted. The inspecting party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No protected material may leave the territorial boundaries of the United States of America or Canada. Without limitation, this prohibition extends to protected material (including copies) in physical and electronic form. The viewing of protected material through electronic means outside the territorial limits of the United States of America or Canada is similarly prohibited. The restrictions contained within this paragraph may be amended through the express written consent of the designating party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

**15.4. Filing Protected Material.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal with prior Court approval.

**16.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

- 22 -

any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4, above.

**IT IS SO ORDERED.**

Dated: _3/13/19_

Hon. Charles. F. Eick
United States Magistrate Judge

- 23 -

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____[full name], of

_____

_____[address], declare under penalty of perjury that I have read in its entirety
and understand the Stipulated Protective Order (the "Order") that was issued by
the United States District Court for the Central District of California on [date] in
the case of *Automotive Data Solutions, Inc., v. Directed Electronics Canada Inc.*,
et al., C.D. Cal.  Case No. 2:18-cv-1560-GW.

      I agree to comply with and to be bound by all the terms of this Order and
I understand and acknowledge that failure to so comply could expose me to
sanctions and punishment in the nature of contempt.

      I solemnly promise that I will not disclose in any manner any information
or item that is subject to this Order to any person or entity except in strict
compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District
Court for the Central District of California for the purpose of enforcing the terms
of this Order, even if such enforcement proceedings occur after termination of
this action.

I hereby appoint_____[full
name] of_____

_____

[full address and telephone number] as my California agent for service of process
in connection with this action or any proceedings related to enforcement of this
Order.

Date:_____

- 24 -

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____