# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-1560-GW(Ex) | Date | August 13, 2019 |
|---|---|---|---|
| Title | AUTOMOTIVE DATA SOLUTIONS, INC. V. DIRECTED ELECTRONICS CANADA INC., ET AL. | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | |
|---|---|---|
| Stacey Pierson | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**Attorneys Present for Plaintiffs:** None

**Attorneys Present for Defendants:** None

**Proceedings:**   (IN CHAMBERS)

The Court has read and considered all papers filed in support of and in opposition to "Plaintiff's Motion to Compel Re: Defendants' 30(B)(1) Deposition" ("the Motion"), filed July 8, 2019. The previously noticed August 16, 2019 hearing date is vacated. The Court has taken the Motion under submission without oral argument. The Court has assumed, arguendo, the timeliness of the Motion.

Plaintiff seeks leave to exceed the presumptive ten (10) deposition limit provided in Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure in order to take the deposition of an "apex" witness, Michael W. Choe. Leave to exceed the presumptive deposition limit is to be granted "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). However, "[a] party seeking to exceed the ten deposition limit must make a particularized showing of why the discovery is necessary." Natural Resources Defense Counsel, Inc. v. Winter, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008) (citations and quotations omitted); see Barrow v. Greenville Independence School District, 202 F.R.D. 480, 482-84 (N.D. Tex. 2001); Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999). Further, an apex deposition "creates tremendous potential for abuse and harassment; and therefore, courts have discretion to limit such discovery." Jordan v. Wonderful Citrus Packing LLC, 2019 WL 176264, at *8 (E.D. Cal. Jan. 11, 2019). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Myles v. County of San Diego, 2016 WL 4366543, at *3 (S.D. Cal. Aug. 15, 2016) (citations and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1560-GW(Ex) | Date | August 13, 2019 |
|---|---|---|---|
| Title | AUTOMOTIVE DATA SOLUTIONS, INC. V. DIRECTED ELECTRONICS CANADA INC., ET AL. | | |

      After consideration of the Motion under these standards, the Motion is denied.  In particular, it appears that Michael W. Choe has no "unique first-hand, non-repetitive knowledge of the facts at issue in the case."

cc:    Judge Wu
        All Counsel of Record

Initials of Deputy Clerk   SP